*LOUISIANA STATE INSURANCE COMPANY vs.*
*MORGAN & AL.*

A legislative ex-      APPEAL from the court of the first distrct.
position can only
result from pro-
ceedings of both     MARTIN, J. delivered the opinion of the
houses, approv-
ed by the execu-
tive, or persisted court.   There is hardly any difference be-
in according to
the constitution,   tween the present case and that between the
without their ap-
probation.          Louisiana Insurance Company and the pre-
sent defendants, determined a few days
ago.

An injunction was obtained against the
treasurer of the state and the sheriff of the
parish, to stay proceeding on a treasury exe-
cution, for arrearages of taxes.   During sev-
eral years, the preceding treasurer having
construed the act of assembly of 1813, as
imposing the tax on stock actually paid in,
and not on that which was subscribed and
payment secured by mortgages, deposit of
stock, or other means.

The same argument was used, as at the hearing of the former case, and that through which a legislative exposition of the act under consideration was endeavoured to be impressed on us, has been peculiarly urged.

The silence of a committee of the legislature, in a report concurred with by the houses, in regard to a tax, the collection of which has been omitted or but partially enforced, cannot be considered a legislative exposition, sanctioning the omission or partial collection.

A legislative exposition can only result from proceedings of both houses, approved by the executive, or persisted in, according to the constitution, without their approbation.

In this case, however, the argument had much less force than in the preceding case, as the amount of the tax collected from these plaintiffs, was not even communicated to the legislature.

But a technical objection has been raised here, to which nothing in the pleadings gives rise, and which does not appear to have been acted on below.

It is that the declaration, which is to be the basis of the treasurer's assessment of the tax, was demanded and received by that

officer from the president, and not from the president *and directors.*

The dissolution of an injunction is asked, or its being made perpetual, resisted, on disproving the allegations on which it was obtained; the party enjoined cannot be prepared to adduce any evidence to disprove facts, to which his attention is not directed by the pleadings.

The act requires the declaration to be demanded from the president and directors, and to be given by them under *oath*, not under *their* oaths. It is not required they should *all* swear. When a corporation wants one of those writs, which cannot be obtained without an affidavit, one of their officers or clerks makes it. If two plaintiffs want such a writ, the affidavit of either suffices. We are not ready to say, that the board could not have satisfied the obligation imposed on them, by the act, if they had directed the cashier, the officer of the institution best acquainted with the fact, to state on his oath, the amount of stock subscribed, distinguishing the part actually paid in, from that the payment of which was secured by mortgages or otherwise; but we are clear, that the president and directors were not all necessarily to swear; the affida-

Eastern District.
*March*, 1830.

L. I. COMPANY.
*vs.*
MORGAN & AL.

vit of either would suffice; the words of the law are, *under oath*, not under *their* oaths. Did it therefore appear, that the president made the declaration or affidavit, by order of the board, the treasurer might have received it, as a legitimate basis of his assessment, even if he had demanded it from the president alone.

But it appears, from the plaintiffs own showing, that the president made a correct declaration; and they have annexed to their petition, a statement of the part of the stock paid in; which, as it is one tenth of that subscribed, the other nine-tenths being to be secured, gives the total of *stock in trade*, as stated by the president. So that, if the injunction was sustained on the *technical* objection, justice would require us to save the right of the state to another execution. As we do not dissolve injunctions, which must necessarily be immediately issued *de novo*, we cannot perpetually enjoin a remedy, which every circumstance in the case demands, that the party should be immediately permitted to resort to.

The plaintiffs' argument has been considered on the merits, to show that the words *stock in trade*, used by the legislature, do

Eastern District.
*March*, 1830.

L. I. COMPANY.
*vs.*
MORGAN & AL.

not cover that part of the stock, the payment of which is secured; they have not pretended that there is the least inaccuracy in the president's declaration.

As this technical objection was not presented by the pleadings to the state officers, they cannot be permitted to offer evidence on it in this court, nor could it be expected from them they should produce it below; and as it does by no means, reach the merits of the case, we think it our duty to disregard it.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, the injunction dissolved, and that the appellees pay costs in both courts.

*Eustis* for plaintiffs, *Morphy* for defendants.